**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

MARCELLUS AUTREY,                   :
                                    :     Civil Action No. 04-3586 (JBS)
         Petitioner,                :
                                    :
         v.                         :     **OPINION**
                                    :
WARDEN C.J. DeROSA,                 :
                                    :
         Respondent.                :

**APPEARANCES:**

Petitioner pro se
Marcellus Autrey a/k/a Fifty
#49824-066
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE**, District Judge

   Petitioner Marcellus Autrey, a federal prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging the conviction and sentence pursuant to which he is confined.

---

   [1] Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
   (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because this Court lacks jurisdiction to consider this Petition, and it is not in the interest of justice to transfer the Petition, this Court will dismiss the Petition, without prejudice, for lack of jurisdiction.

## I.   BACKGROUND

The following background facts are taken from the Petition, the Addendum, and all attached exhibits, and are accepted as true for purposes of this Opinion and accompanying Order.

On or about October 2, 1997, in the U.S. District Court for the Eastern District of Pennsylvania, Petitioner pleaded guilty to attempt to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846.  On July 24, 1998, Petitioner was sentenced to a term of 240 months' imprisonment.  Petitioner appealed to the U.S. Court of Appeals for the Third Circuit, which affirmed the conviction and sentence on June 2, 1999.  See United States v. Autrey, No. 96-cr-0240 (E.D. Pa.), Docket Entry No. 134.

On July 19, 2000, Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  See United States v. Autrey, No. 96-cr-0240 (E.D. Pa.), Docket Entry No. 135; Autrey v. United States, No. 00-cv-3633 (E.D. Pa.).  The District Court for the Eastern District of Pennsylvania denied the § 2255 motion, and the Court of Appeals for the Third Circuit

denied a certificate of appealability. See United States v. Autrey, No. 96-cr-0240 (E.D. Pa.), Docket Entries Nos. 146, 150.

Petitioner has filed in this Court a Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner contends that the trial court committed plain error when it accepted his guilty plea and sentenced him to a mandatory minimum of 240 months under 21 U.S.C. § 841(b), because in this reverse sting operation there was no "detectable amount" of actual cocaine. Instead, the substance involved in the reverse sting operation was only "sham" cocaine, made to have the appearance of real cocaine. Petitioner contends that no mandatory minimum sentence can be triggered where there is no "detectable amount" of actual cocaine involved in the transaction. Petitioner's counsel made this argument at the sentencing hearing.

## II.  ANALYSIS

### A.  Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the

respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.3d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B.   Petitioner's claim

Petitioner contends that he is entitled to habeas relief under § 2241, despite the fact that he previously has filed a motion under 28 U.S.C. § 2255, which prohibits second or successive motions except under narrowly-defined circumstances.

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a § 2255 motion filed in the district of conviction, has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241, in the district of confinement).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In <u>Dorsainvil</u>, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255.  <u>Id.</u>  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in <u>Dorsainvil</u> because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  <u>Id.</u> at 251-52.

Petitioner's inability to meet the gatekeeping requirements of § 2255 does not render it an inadequate or ineffective remedy with respect to the claims asserted in this Petition.  To the

5

contrary, Petitioner appears to have presented to the sentencing court the very claim he asserts here. Even if the claim previously asserted were not precisely the same as that presented here, Petitioner has failed to assert facts that would bring this claim within the <u>Dorsainvil</u> exception. Accordingly, the Petition must be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255,[2] which must be filed in the district of conviction, and over which this Court lacks jurisdiction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

A second or successive § 2255 motion may be brought in the district of conviction only if the applicable Court of Appeals

---

[2] Although this Court is reclassifying the petition as a § 2255 motion, no <u>Miller</u> notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the <u>Miller</u> court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner has already pursued an unsuccessful first § 2255 motion, no purpose would be served by a <u>Miller</u> notice.

has authorized such filing.  28 U.S.C. § 2244.  It does not appear that it would be in the interest of justice to transfer this Petition to the Court of Appeals for the Third Circuit, as Petitioner fails to assert any facts that would bring this claim within the exceptions permitted for second or successive motions.[3]

### III.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jursidiction.

    **s/ Jerome B. Simandle**
Jerome B. Simandle
United States District Judge

Dated:  September 21, 2005

---

[3] A second or successive motion must contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.